# CONFIDENTIAL SETTLEMENT AGREEMENT

Mediation was conducted on June 23, 2022, and continued from September 2-8, 2022 concerning the indefinite suspension and recommendation for revocation of the medical staff privileges of Christen W. Hoedt, M.D., by the Medical Executive Committee of Vanderbilt University Medical Center d/b/a Vanderbilt Wilson County Hospital's (collectively "VWCH" or the "Hospital")

The mediation was facilitated by Jerry Potter, Mediator, with participation by: C. Bennett Harrison, Jr., and Shea Callahan as counsel for Dr. Hoedt; R. Scott Frankenfield, M.D., Chief of Staff VWCH; Amy D. Hampton, Division Counsel, Vanderbilt University Medical Center; and attorneys for VWCH, Yvonne K. Puig and Daphne Andritsos Calderon.

The parties agree that there were matters in dispute related to Dr. Hoedt's medical staff privileges at VWCH and that Dr. Hoedt took the necessary steps to preserve his due process rights, including requesting a Fair Hearing. It was further agreed that it is in the best interests of all involved to resolve this matter by agreement. After discussion of the issues, concerns, and needs of the parties, this Confidential Settlement Agreement ("Agreement") has been reached as follows:

1. The Hospital agrees to offer and Dr. Hoedt agrees to accept a proctoring program that shall be conducted through the Department of Orthopaedic Surgery at the Vanderbilt University Medical Center ("VUMC"). The Hospital agrees that the proctoring program shall be conducted in a professional manner and in good faith.

2. Dr. Hoedt shall identify two orthopaedic surgeons at VUMC that may serve as his proctor(s) with final approval of the proctor(s) by the Hospital via VUMC.

3. The proctoring program will consist of Dr. Hoedt scrubbing into cases (the number and complexity of cases will be defined by VUMC) as a surgical assistant and not as a primary surgeon. Dr. Hoedt will not be responsible for the payment or costs associated with the proctor(s).

4. The proctoring program shall commence no later than September 26, 2022.

5. The proctoring program shall end March 16, 2023, or such time as the Hospital through the Department of Orthopaedic Surgery at VUMC deems that Dr. Hoedt has satisfied the requirements of the proctoring program based upon the recommendation of the proctor(s), with such assessment occurring monthly. In no event shall the proctoring program extend past March 16, 2023. During the proctoring program, Dr. Hoedt will utilize his clinical privileges solely at VUMC, and will not see or treat patients at any other VUMC facility or site of service.

6. That upon execution of this Agreement, which includes the proctoring program, the Hospital shall submit a Revision-to-Action Report to the National Practitioner Data Bank ("NPDB") (Modification of Previous Action) that shall modify the adverse action previously reported to the NPDB by the Hospital as follows:

    Dr. Hoedt perfected his right to a Fair Hearing to challenge the bases for the prior adverse action and recommendations of the Vanderbilt Wilson County Medical Executive Committee; facts remain in dispute as to those bases. Dr. Hoedt exercised his due process rights by participating in mediation which

resulted in the Hospital requiring an agreed upon proctoring program at Vanderbilt University Medical Center to take place between September 26, 2022 and March 16, 2023.

7. Upon execution of this Agreement and acceptance to participate in the proctoring program, Dr. Hoedt hereby waives forever all his rights to Fair Hearing and Appeal of all adverse actions and recommendations of the VWCH Medical Executive Committee that have accrued as of the date of this Agreement.

8. Throughout the proctoring program, and as a member of the medical staff of VUMC and VWCH, Dr. Hoedt will adhere to the Bylaws, Rules and Regulations, and policies of VUMC and VWCH.

9. Upon successful completion of the proctoring program as determined by VUMC, VWCH will conclude the investigation, Dr. Hoedt's full staff privileges at VWCH shall be reinstated, and Dr. Hoedt will resign his medical staff privileges and membership at VWCH, and not later reapply. The resignation of Dr. Hoedt from the staff of VWCH after completion of the proctoring and conclusion of the investigation shall not be a reportable event to the NPDB.

10. That Dr. Hoedt will voluntarily agree not to exercise his VUMC privileges upon the conclusion of the proctoring program and will not perform any clinical services at any VUMC facility through the balance of his employment with VUMC.

11. The Hospital and Dr. Hoedt agree that minimal language (dates of privileges, dates of proctoring, referral to revised NPDB report) will be used in response to credentialing inquiries from the military and/or another hospital or credentialing entity regarding Dr. Hoedt's medical staff privileges.

12. The terms of this Agreement are a compromise and settlement of any disputed claims. This Agreement, so long as complied with by each party, does not constitute and shall not be construed as an admission by that party of any wrongdoing or breach of duty. In the event that a party fails to comply with this Agreement, the opposing party may use this Agreement to show that the other party has been put on notice of the matters in dispute and may use this Agreement as necessary to obtain judicial enforcement of the Agreement.

13. For and in consideration of the mutual promises contained in this Agreement, Dr. Hoedt hereby fully and forever releases Vanderbilt University Medical Center, Vanderbilt University Medical Center d/b/a Vanderbilt Wilson County, and their officers, executives, directors, agents, attorneys, advisors, medical staff, committee members, panel members, and participants in the due process proceedings, and employees, and any and all parties, firms, or persons or entities in privity with them, including predecessors, successors, and affiliates, whether or not identified by name ("Hospital Released Parties"), of and from any and all causes of action and claims, damages, or demands for expenses, mental anguish, adverse financial or business consequences and liability of any nature whatsoever, whether known or unknown, under common law or any statute or constitutional law of this or any other state, that Dr. Hoedt has, had or may have, on account of or in any way growing out of the VWCH medical staff, peer review and/or quality improvement process regarding Dr. Hoedt, except for breach of this Agreement. The parties agree that this Agreement is supported by contemporaneous, fair, and legally sufficient consideration, including, but not limited to, the forbearance of legal remedies.

14. The Hospital Released Parties release Dr. Hoedt of and from any and all causes of action, except for breach of this Agreement, whether liability or damage is known or unknown, on account of or arising out of the VWCH medical staff, peer review and/or quality improvement process regarding Dr. Hoedt.

15. In further consideration of the mutual releases set forth herein, the parties, on behalf of themselves, their successors and assigns, do hereby covenant and agree that they will not institute or otherwise bring suit or cause or assist any other person or entity to bring suit against the other party arising out of or relating to the subject of this Agreement so long as that other party is in compliance with this Agreement.

16. Each party shall bear all attorneys' fees and costs of its own counsel in connection with the claims released herein, the matters and documents referred to herein, and all related matters arising out of or relating to the dispute and this Agreement except to the extent that the opposing party fails to comply with this Agreement. In the event that one of the parties fails to fully comply with this Agreement, the other party shall be entitled to all reasonable attorneys' fees, expenses, court costs, and remedies allowed for under this Agreement and the law. VWCH will pay the mediator's fees.

17. As part of the consideration for the aforementioned mutual releases, the parties expressly represent and warrant they are legally authorized to execute this instrument and have the power and authority to compromise and settle the claims and matters released herein. The parties warrant and agree that the release set forth hereinabove is a general release of all claims held by either party and further expressly waive and assume the risk of any and all claims for damages which exist as of this date but of which they do not know or expect to exist, whether through ignorance, oversight, error, negligence or otherwise, and which, if known, would materially affect either party's decision to enter into this Agreement.

18. The parties further agree that this Agreement represents a complete settlement and compromise of matters involving disputed issues of law and fact, and the parties assume the risk that the facts or law may be otherwise than they now believe.

19. The parties further warrant that they have fully read this Agreement in its entirety, and that they have had the opportunity to consult with an attorney with respect to its legal effect and that they know and understand the contents of this Agreement and sign it as their own free act.

20. This Agreement shall contain the entire agreement between the parties in regard to the matters set forth herein and shall be binding upon and inure to the benefit of the parties and the successors and assigns of the parties. This Agreement shall be governed, construed and interpreted in accordance with the laws of the State of Tennessee without regard to its conflict of laws provisions. This Agreement shall not be modified or amended, terminated, altered, or waived orally, but only by mutual written consent of the parties in a signed and dated document.

21. Each party agrees that this is a Confidential Settlement Agreement and the contents this document shall not be disclosed to individuals or entities other than the representatives of the parties, as necessary to enforce this Agreement, in the event of breach by the other party, or as compelled by law by a court or regulatory body with proper jurisdiction and authority to compel disclosure.  Further, each party agrees not to make any disparaging

remarks against the opposing party regarding any of the bases or contents of this Confidential Settlement Agreement.

_____  **So Agreed** this: ___September 9th___, 2022
Christen W. Hoedt, M.D.


_____  **So Agreed** this: _____, 2022
R. Scott Frankenfield, M.D., Chief of Staff
Vanderbilt Wilson County Hospital


_____  **So Agreed** this: _____, 2022
C. Wright Pinson, M.D., Deputy CEO
Vanderbilt University Medical Center

remarks against the opposing party regarding any of the bases or contents of this Confidential Settlement Agreement.

_____  **So Agreed** this: _____, 2022
Christen W. Hoedt, M.D.

_____  **So Agreed** this: _9th Sept_____, 2022
R. Scott Frankenfield, M.D., Chief of Staff
Vanderbilt Wilson County Hospital

_____  **So Agreed** this: _____, 2022
C. Wright Pinson, M.D., Deputy CEO
Vanderbilt University Medical Center



remarks against the opposing party regarding any of the terms or contents of this Confidential Settlement Agreement.

_____    So Agreed this _____ 2022
Christon W. Hoadt, M.D.

_____    So Agreed this _____ 2022
R. Scott Frankenfield, M.D., Chief of Staff
Vanderbilt Wilson County Hospital

_____/s/ C. Wright Pinson_____    So Agreed this 9/9/2022 2022
C. Wright Pinson, M.D., Deputy CEO
Vanderbilt University Medical Center

132050281.1                              - 4 -